Kraig Gardner
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for Defendant
ANTHONY BOSWORTH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(UNASSIGNED MAGISTRATE JUDGE)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | PO-07-4002-JPH |
| ) | CITATION NO. 1254877; 1254876 |
| vs. ) | MEMORANDUM IN |
| ) | SUPPORT OF MOTION |
| ANTHONY BOSWORTH ) | TO DISMISS PURSUANT TO RULE 29 |
| Defendant. ) | |

The defendant, ANTHONY BOSWORTH, submits the following reply memorandum in support of his motion to dismiss pursuant to rule 29 of the Federal Rules of Criminal Procedure:

**Procedural History**

Mr. Bosworth submits the following information in reply to the government's recitation of the facts. On January 18, 2007, the court presided over a bench trial involving three alleged traffic violations: Speeding, Expired Registration, and Failure to Obey. At the close of the Government's case, the Defendant timely moved to dismiss all three charges pursuant to Fed. R. Cr. Pro. 29. As to the speeding infraction, it is the defendant's position that the Government failed to produce sufficient admissible evidence, in part because the Government failed to provide the necessary foundation for

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

1

the admission of evidence regarding radar detection equipment. Further, the Government failed to establish that the 25 mph speed was mounted at the necessary right angle to the road it purported to regulate. Failure to comply with the Manual on Uniform Traffic Devices requirements warrants the dismissal at the close of the Government's case. As to the expired registration, Sgt. K failed to testify as to the results of any Department of Licensing check that he ran. Failure to Obey an officer was subject to a Rule 29 motion because, at the end of the Government's case, viewing the evidence in the light most favorable to the Government, there was insufficient evidence to convict Mr. Bosworth of a wilful failure to obey an officer, by pulling over into a well-lit parking area within a quarter of a mile of the inception of the stop. It is Mr. Bosworth's position that he fully complied with the provisions of the statute, and that he did obey the officer's direction to stop, and that the evidence at trial supports his position that his conduct does not constitute a violation of Washington statute R.C.W. § 46.61.021.

The speeding and expired tabs offenses are the subject of a motion to dismiss on the ground that the basis for jurisdiction, the Assimilated Crimes Act, does not apply to traffic infractions. As noted by The Government, the initial speeding citation was dismissed, and the Government proceeded by way of an Information filed on June 15, 2007. That information erroneously asserted the basis for jurisdiction as the assimilated crimes act, 18 U.S.C. § 13. The Government now concedes that it does not have jurisdiction to proceed

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

under the Assimilated Crimes Act for the infractions.  See Government's Jurisdiction Briefing at 2, line 2.  However, it appears that the Government now attempts to rescue itself from the jurisdictional challenge asserted at trial, by asserting that there is an alternate basis for jurisdiction.  The Government acknowledges that the separate mechanism for federal jurisdiction contains notification provisions that were not shown at trial, but asserts that the Defendant failed to argue lack of notice and therefore must assent to the Government's new theory of the case.

## **Analysis**

**1.   The Government does not have jurisdiction under the Assimilated Crimes act to bring traffic infractions in Federal Court.**

The Government concedes that 18 U.S.C. § 13, the assimilative crimes act, does not provide jurisdiction over offenses designated by the State of Washington as infractions because in sum infractions are not crimes. The Ninth Circuit has confirmed this in <u>United States v. Carlson</u>, 900 F.2d 1346, 1349 (9th Cir.1990).

First it should be noted that the Government seems to be of the opinion that the defense claimed that the jurisdictional issue applied to all of the offenses. The defense motion regarding jurisdiction applies only to the speeding and the expired tabs offenses because they are infractions. The Government concedes that speeding is an infraction because it is not excluded from the list of decriminalized traffic offenses that appear in RCW 46.63.020. The Government argues

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

3

that because RCW 46.16.021 is contained in the list of offenses that are excluded from decriminalization that the expired tabs is a criminal offense and is therefore assimilated under 18 U.S.C. § 13. The Government is mistaken that expired tabs or registration is not a traffic infraction.

RCW 46.63.020(6) does in fact exclude RCW 46.16.021 from the traffic offenses that are decriminalized in Washington. It excludes "RCW 46.16.010 relating to the nonpayment of taxes and fees by failure to register a vehicle and falsifying residency when registering a motor vehicle." A close examination of RCW 46.16.010 reveals that not all of the offenses covered under that section are failure to register a vehicle or falsifying residency.

The specific portion of RCW 46.16.010 that was the basis for the charge against Mr. Bosworth was expired registration under 46.16.010(3) which reads "Failure to renew an expired registration before operation on the highways of this state is a traffic infraction." Expired registration is therefore an infraction and is not assimilated by 18 U.S.C. § 13.

The Government then asserts an alternative basis for jurisdiction Under C.F.R. §634.25 and C.F.R. 210.3(b). The Government's argument has been rejected by other courts. In <u>U.S. v. Boyer</u> 935 F.Supp. 1138 (D.Colo.,1996), the magistrate court held that the notice requirements were an essential element of the charge and that because the Government had not provided sufficient evidence that the posting requirements were met the defendant's motion to dismiss was granted.

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

4

Posting under 32 C.F.R. § 634.25 must be in "a prominent place accessible to persons assigned, living, or working on the installation." 32 C.F.R. § 634.25(f).

There was no evidence offered at trial concerning where the regulations were posted. There was some attempt by the Government to introduce evidence that Sgt. Klosterman knew of the Memorandum concerning regulations on the base that the Government attempted to introduce at trial. However, even if this Memorandum had been admitted it would not satisfy the posting requirements. C.F.R. § 634.25(f) requires that an "extract copy of this paragraph (f) and a copy of the delegation memorandum in DODD 5525.4, enclosure 1, will be posted..." Id. Clearly there was no discussion of where the copy of paragraph (f) of this C.F.R. was posted at trial, because the Government was unaware of its existence.

Further C.F.R. § 634.25(g) provides that if the Federal Government's Jurisdiction authority is only proprietary, that traffic offenses cannot be enforced at all on the basis of State law. There was no evidence presented at trial regarding whether or not the Federal Government's jurisdiction was only proprietary. Therefore even if the C.F.R.'s could provide jurisdiction over these offenses, a factual basis for the exercise of that jurisdiction must be offered into evidence in the Government's case in chief. There was no such evidence offered.

How the Government asserts jurisdiction is important. Under the assimilative crimes act, the offenses could only be punished in the

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

manner authorized by State law. 18 U.S.C. § 13(a). The offenses being infractions, Washington law authorizes only a fine. Under C.F.R. jurisdiction the offenses would be punishable by imprisonment for up to 30 days. C.F.R. 634.25(f). Mr. Bosworth would be prejudiced by allowing the Government to alternate between theories of jurisdiction without notice.

Even if the C.F.R.'s could provide jurisdiction over the infraction offenses, there are factual predicates that must be met before jurisdiction under the C.F.R.'s can be asserted. No facts supporting this jurisdiction were offered at trial. Because the motion challenging jurisdiction was made pursuant to rule 29 of the federal rules of criminal procedure, no additional facts can now be offered to support jurisdiction. "If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. Pr. 29.

The only basis for jurisdiction that the Government notified Mr. Bosworth would be at issue is jurisdiction under the assimilative crimes act. Mr. Bosworth would be prejudiced by allowing the Government to alternate jurisdictional theories in the same way the defendants in Carlson and Boyer were. Mr Bosworth respectfully request that the motion to dismiss be granted.

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

## Conclusion

Based upon the foregoing analysis, it is Mr. Bosworth's position that this matter must be dismissed for lack of jurisdiction.

DATED: February 3, 2008.

Respectfully Submitted,

_____
Kraig Gardner, 31935
Attorney for ANTHONY BOSWORTH
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
Telephone Number: (509) 248-8920
Fax Number: (509) 248-9118
kraig_gardner@fd.org

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2008, I electronically filed the Reply Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie Whitaker, Assistant United States Attorney.

s/Kraig Gardner
Kraig Gardner, 31935
Attorney for ANTHONY BOSWORTH
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Kraig_Gardner@fd.org