UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY BOSWORTH,<br><br>　　　　　　Defendant. | CASE NO.:　　PO-07-4002-JPH<br><br>CITATION NOS.: 1254876 & 1254877<br><br>MEMORANDUM DECISION AND ORDER |

On January 18, 2008, this court conducted a bench trial regarding Defendant Anthony Bosworth's three alleged traffic violations: Speeding, Expired Registration and Failure to Obey. Collette Leland, a legal intern for the Office of the United States Attorney, appeared for the government. Defendant was present and represented by Kraig Gardner. Sergeant Philip Klosterman appeared and testified on behalf of the government. Defendant testified on his own behalf.

## **Background**

On April 4, 2007, at approximately 5:53 a.m., Sergeant Phillip Klosterman ("Klosterman") observed a vehicle driven by an individual, later identified as the Defendant, turn northbound onto Evergreen

MEMORANDUM DECISION AND ORDER - 1

State Drive from eastbound Cold Creek Road.  Officer Klosterman was on duty and driving a black, unmarked patrol vehicle. Officer Klosterman was parked off the traveled portion of the road. As the vehicle approached Officer Klosterman, he observed it was traveling at a rate of speed above the posted speed limit. A radar unit operated by Officer Klosterman revealed the vehicle was traveling at a speed of thirty-five miles per hour.  The posted speed for that portion of Evergreen State Drive is twenty-five miles per hour. It was dark at this time of day, but beginning to become dawn. Traffic on the road was light.

    Officer Klosterman pulled behind the vehicle and activated his patrol vehicle emergency lights as the vehicle continued along and proceeded around a 90 degree turn in the road.  Officer Klosterman activated his siren.  The vehicle continued traveling northbound. Officer Klosterman "bumped" his air horn and activated his front strobe lights.   At that moment, Defendant  gestured with his left arm, out his window, pointing to the parking lot of the Mates Building.  No additional effort by law enforcement was needed to make the Defendant pull over. The vehicle continued to the parking lot and pulled into a parking stall.

    Officer Klosterman issued Defendant citations charging him with Speeding 35/25 (RCW 46.61.400), Expired Registration (RCW 46.16.010) and Failure to Obey Police Officer (RCW 46.61.021).

MEMORANDUM DECISION AND ORDER - 2

**Defendant's Motion to Dismiss**

At the close of the government's case, Defendant moved to dismiss all three charges pursuant to Fed. R. Crim. P. 29. Defendant argued that there was insufficient evidence to convict Defendant of the three charges and that the government does not have jurisdiction over the speeding and expired registration infractions.

The undersigned finds that this Court has jurisdiction over the instant traffic infractions committed on a military installation pursuant to 32 C.F.R. §§ 210.3[1] & 634.25[2]. The Court does not accept the Defendant's argument with regard to notice of the basis for assertion of jurisdiction since the Government expressly waived any request for incarceration in the event the Court found a violation of law. The court further finds that Defendant's Rule 29 motion with respect to the three charges shall be denied.

**Discussion**

---

[1] 32 C.F.R. § 210.3(b) indicates that "all persons on a military installation shall comply with the vehicular and pedestrian traffic laws of the state in which the installation is located."

[2] 32 C.F.R. § 634.25(f) provides as follows:

> In those States where violations of traffic law are not considered criminal offenses and cannot be assimilated under 18 U.S.C., DODD 5525.4, enclosure 1 expressly adopts the vehicular and pedestrian traffic laws of such States and makes these laws applicable to military installations having concurrent or exclusive Federal jurisdiction. . . . Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine as determined by the local magistrate or imprisonment for not more than 30 days, or both, for each violation. . . .

MEMORANDUM DECISION AND ORDER - 3

**I.  Failure to Obey**

The government contends that although Defendant eventually stopped in this case, Defendant violated RCW 46.61.021 by failing to pull over within a reasonable amount of time when signaled by the police officer.  Defendant argues he fully complied with the provisions of the Failure to Obey statute, RCW § 46.61.021, by obeying the officer's direction to stop.

RCW 46.61.021(1) states that "[a]ny person requested or signaled to stop by a law enforcement officer for a traffic infraction has a duty to stop."  The penalty statute for failure to obey an officer provides that "[a]ny person who wilfully fails to stop when requested or signaled to do so by a person reasonably identifiable as a law enforcement officer . . . is guilty of a misdemeanor."  RCW 46.61.022.

The evidence presented at trial demonstrates that Defendant did not fail to stop, only that he did not stop "immediately" when signaled by the officer.  The arresting officer was not able to tell when the Defendant first saw the lights in the patrol car. Although the Defendant's vehicle traveled approximately one quarter of a mile before pulling over, he testified that he lost sight of the unmarked patrol car after he first noticed that it had pulled in behind him but before recognizing that it was a law enforcement vehicle. Officer Klosterman testified that he followed the Defendant's vehicle for about 9-10 seconds before he "bumped" his horn and activated his strobe lights and the Defendant acknowledged his presence by signaling

MEMORANDUM DECISION AND ORDER - 4

that he would pull over in the parking lot. At 35 miles per hour, this would result in traveling approximately 51 feet per second. In 10 seconds the Defendant would have traveled 510 feet or 170 yards. Further, the Officer ceased using the horn once Defendant signaled that he intended to pull over in the parking lot. Defendant could have reasonably inferred that he had permission to continue on into the parking lot.

Based on the evidence submitted, the court is unable to conclude that Defendant responded inappropriately on the morning of April 4, 2007. The evidence presented at trial, and upon the Court weighing that evidence, establishes that Defendant, under the totality of the circumstances, responded reasonably when he became aware that a law enforcement officer was requesting that he pull over. Accordingly, the Court finds that the government has not met its burden to establish beyond a reasonable doubt that Defendant violated RCW 46.61.021.

**II.  Speeding and Expired Registration**

With respect to the speeding and expired registration infractions, Defendant asserts that the Government failed to produce sufficient admissible evidence of these violations. The court does not agree.

RCW 46.61.400 sets forth the basic rule regarding maximum speed limits. RCW 46.16.010 provides that the failure to renew an expired registration before operating a vehicle is a traffic infraction.

MEMORANDUM DECISION AND ORDER - 5

The evidence shows that in the area where Defendant was traveling, the posted speed limit is twenty-five miles per hour and Defendant was driving a vehicle at thirty-five miles per hour, ten miles over the posted speed limit.  Defendant acknowledged at trial that he had seen the speed limit sign before. The Court finds that the Defendant knew what the posted speed limit was and, based on the Officer's testimony that the Defendant's vehicle slowed down upon making contact, that he knew he was exceeding the speed limit. Officer Klosterman testified that he had checked the radar unit in his vehicle before starting duty and it was functioning and accurate. There was no offer as to a certificate of compliance that the radar unit passed the requisite checks and tests to ensure its operational accuracy, nor did the Government offer an expert witness to testify as to the same, thus the Court disregards any evidence about the radar readings obtained as being unreliable. City of Bellevue v. Lightfoot, 75 Wn.App. 214, 877 P.2d 247 (1994). Nevertheless, Officer Klosterman's training and experience, together with his observations of the Defendant's speed, are enough to persuade the Court that Defendant was speeding.

Officer Klosterman testified that a check with the Washington Department of Licensing at the time of the traffic stop revealed that Defendant's vehicle registration had expired in 2001.

The court finds that, based on the evidence at trial, on the morning of April 4, 2007, Defendant was speeding in violation of RCW

MEMORANDUM DECISION AND ORDER - 6

46.61.400 and was driving with an expired vehicle registration in violation of RCW 46.16.010.

### Order

Based on the foregoing, the Court **HEREBY RENDERS THE FOLLOWING ORDER:**

Defendant, Anthony Bosworth, is not guilty of violating RCW 46.61.021, Failure to Obey a Police Officer.

Defendant, Anthony Bosworth, violated RCW 46.61.400, Speeding 35/25.

Defendant, Anthony Bosworth, violated RCW 46.16.010, Expired Registration .

Defendant, Anthony Bosworth, is ordered to appear for sentencing/mitigation on **February 29, 2008 at 10:30 a.m. in Yakima, Washington**, before the Honorable James P. Hutton.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this ___8th___ day of February, 2008.

                                          S/James P. Hutton
                                          JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE